Case No. 24-2242

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

**EREGLI DEMIR VE CELIK FABRIKALARI T.A.S.,**

*Plaintiff-Appellant,*

v.

**INTERNATIONAL TRADE COMMISSION, UNITED STATES STEEL CORPORATION, CLEVELAND-CLIFFS INC., STEEL DYNAMICS, INC., SSAB ENTERPRISES LLC, NUCOR CORPORATION,**

*Defendants-Appellees.*

---

On Appeal from the United States Court of International Trade,
Case No. 1:22-CV-00350 (Judge Timothy M. Reif)

## DEFENDANT-APPELLEE INTERNATIONAL TRADE COMMISSION'S OPPOSITION TO APPELLANT'S MOTION TO CONSOLIDATE

**FRANK MORGAN**
**SPENCER J. TOUBIA**
Attorneys for Defendant-Appellee
Office of the General Counsel
U.S. International Trade Commission
500 E Street, S.W.
Washington, DC 20436
Tel: (202) 205-2232
Fax: (202) 205-3111

**DOMINIC L. BIANCHI**
General Counsel
Tel: (202) 205-3061

**ANDREA C. CASSON**
Assistant General Counsel
   for Litigation
Tel: (202) 205-3105

**Dated: September 23, 2024**

Pursuant to Fed. Cir. R. 27(b), Defendant-Appellee U. S. International Trade Commission ("Commission") respectfully submits this opposition to the motion of Plaintiff-Appellant, Ereğli Demir ve Çelik Fabrikalari T.A.Ş. ("Erdemir") to consolidate this appeal with Appeal Nos. 24-2243 and 24-2249. Motion to Consolidate Appeals ("Erdemir Mot.") (ECF 22). As an initial matter, the Commission notes that Erdemir's motion is technically moot, as the court has already *sua sponte* ordered the alternative relief requested by Erdemir – designation of all three appeals as companion cases to be assigned to the same merits panel. *See* Note to File (Sep. 16, 2024) (ECF 23). Thus, Erdemir's concern that the panel in each case will benefit from familiarity with any common facts and issues has already been addressed and resolved by the Court. Consolidation will serve no purpose other than to potentially create unnecessary conflation of issues arising from different procedural postures, involving different records, and subject to different standards of review.

At bottom, while there are overlapping procedural backgrounds in all three cases, the issues before the Court do not, as Erdemir claims, "relate to the same primary issue." Erdemir Mot. at 1. Rather, one case – Appeal No. 24-2249 – involves judicial review of whether the Commission's five-year review determinations in the hot-rolled steel five-year reviews, as they concerned subject imports from Turkey, were supported by substantial evidence and otherwise in

accordance with law. *Ereğli Demir ve Çelik Fabrikalari T.A.Ş. v. United States*, Court No. 22-00351, Slip Op. 24-75 at 12-13 ("*CIT Five-Year Review Op.*"). The second appeal – No. 24-2242 – will call upon this Court to decide whether the lower court erred in dismissing Erdemir's complaint challenging the Commission's declination to institute a changed circumstances review ("CCR") as moot in light of the Commission's institution of the five-year review. *Ereğli Demir ve Çelik Fabrikalari T.A.Ş. v. United States*, Court No. 22-00350, Slip Op. 24-82 at 36 ("*CIT CCR Op.*"). The third appeal – No. 24-2243 – unlike the other two, involves a complaint brought by Erdemir under the Court of International Trade's residual jurisdiction provision, 28 U.S.C. § 1581(i), and will involve this Court's review of whether the lower court erred in declining "to expand the scope of the court's residual jurisdiction to fashion a remedy that the law does not provide." *Ereğli Demir ve Çelik Fabrikalari T.A.Ş. v. United States*, Court No. 22-00349, Slip Op. 24-82 at 34 ("*CIT Reconsideration Op.*").

Notably, the Court of International Trade at the outset recognized that despite being filed by the same plaintiff at the same time, these three matters were properly treated as separate cases, and were assigned to two different judges. At no point during the proceedings did Erdemir or any other party seek to consolidate these cases in the court below. While, as Erdemir now notes, there was overlap in the facts discussed in each case, in each case the judges below individually

assessed and addressed the case-specific factual and legal issues under the appropriate standards of review pertinent to each respective case. We respectfully request that this Court do the same.

**I.     ARGUMENT**

    **A.     The Three Cases Do Not All Involve The Same Underlying Commission Determinations**

Only one of Erdemir's appeals involves substantive review of a Commission determination under the substantial evidence and otherwise in accordance with law standard. *See* 19 U.S.C. § 1516a(b)(1)(B)(i). Specifically, in case No. 24-2249, this Court will review the merits of the Commission's five-year review determination to cumulate subject imports of hot-rolled steel flat products from Turkey with subject imports of hot-rolled steel from certain other countries. *Hot-Rolled Steel ("HRS") from Australia, Brazil, Japan, Netherlands, Russia, South Korea, Turkey, and the United Kingdom*, Inv. Nos. 701-TA-545-546, 731-TA-1291-1297 (Review), and 731-TA-808 (Fourth Review), USITC Pub. 5380, (Nov. 2022).

The complaints underlying Appeal Nos. 24-2242 and 24-2243, however, involve Erdemir's challenges to the Commission's declination to reopen or reconsider its original determinations, issued in 2016, concerning hot-rolled steel imports from Turkey. *Hot-Rolled Steel Flat Products from Turkey; Denial of Request to Institute a Section 751(b) Review; Denial of Request to Institute a*

*Section 751(b) Review or Reconsideration Proceeding Concerning the Commission's Affirmative Determination in Investigation No. 731-TA-1296 (Final), Hot-Rolled Steel Flat Products from Turkey*, 87 Fed. Reg. 73331, 73332 (Nov. 29, 2022). But even these two appeals differ significantly in that one, involving a challenge to the Commission's determination not to initiate a changed circumstances review, arises from an available statutory remedy for review of such determinations, *i.e.* 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(1)(B). *See* Compl. ¶ 2, Court No. 22-00350 (ECF 4). The other, Appeal No. 24-2242, reflects Erdemir's attempt to invoke the Court of International Trade's residual jurisdiction under 28 U.S.C. § 1581(i), to overrule the Commission's determination not to exercise its authority to undertake a reconsideration of its original determination. *See* Am. Compl. ¶ 3, Court No. 22-00349 (ECF 14).

    **B.**    **Erdemir's Three Appeals Involve Different Standards of Review and Different Records on Review**

As Erdemir notes, consolidation may be appropriate when common factual or legal issues exist. Erdemir Mot. at 6-7. But the common issue Erdemir alleges to exist– the effects of the Department of Commerce's amended determination on a *final* determination by the Commission – is not before this Court, nor did Erdemir appeal the Commission's final determination in the original antidumping investigation. Therefore, the legal questions before this Court arise from Erdemir's various appeals of the Commission's determinations in the three individual cases

-4-

that it filed in the Court of International Trade, each of which raises different and unrelated legal questions.

First, Erdemir's appeal of the Commission's Five-Year Review Determination, both before the lower court and this court, challenges the Commission determination as unsupported by substantial evidence and not in accordance with law. *CIT Five-Year Review Op.* at 12. Below, no party challenged the Court of International Trade's jurisdiction, and the Court, per Judge Gary S. Katzmann, agreed that it had jurisdiction— and it reviewed the Commission's prospective, Five-Year Review Determination using the substantial evidence standard pursuant to 19 U.S.C. § 1516a(b)(1)(B)(i). *CIT Five-Year Review Op.* at 12-13. The court ruled that the Commission's determination: was in accordance with law given that its original negligibility determination "remains a final and binding agency action" and is not subject to a "*de facto* amendment to the O*riginal Determination*" because of Commerce's remand redetermination; and (2) was supported by substantial evidence. *CIT Five-Year Review Op.* at 14, 17, 26.

Unlike the two other appeals, both the lower court's and this Court's review of the Commission's five-year review determination will involve a record review based on the extensive information and briefing that the Commission gathered in that matter, resulting in written views totaling 155 pages, a portion of which are relevant to Erdemir's arguments.

Second, in appealing the Commission's denial of Erdemir's request for a changed circumstances review, Erdemir claimed that the Court of International Trade had jurisdiction based on 28 U.S.C. § 1581(c) to review whether the Commission's decision not to institute was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *CIT CCR Op.* at 2, 18 n.13 (citing 19 U.S.C. § 1516a(b)(1)(A)). The lower court did not reach that question, however, because it decided that it lacked subject matter jurisdiction. *CIT CCR Op.* at 36. Specifically, the Court of International Trade, per Judge Timothy M. Reif, explained why the Commission's institution of a full five-year review, which, identical to a CCR, is a *prospective* inquiry, mooted Erdemir's action. *CIT CCR Op.* at 20-36 (discussing, *inter alia*, *Eveready Battery Co., Inc. v. United States*, 23 CIT 896, 77 F. Supp. 2d 1327 (1999) and 19 U.S.C. §§ 1675a(a)(1) and 1675(b)(2)(A)).

Third, Erdemir's appeal of the Commission's denial of the request for reconsideration alleged that the Court of International Trade had jurisdiction based on 28 U.S.C. § 1581(i) to review whether the Commission's refusal to institute a reconsideration proceeding was "arbitrary, capricious, [or] an abuse of discretion[.]" *CIT Reconsideration Op.* at 1, 17 (citing *Consol. Fibers Inc. v. United* States, 465 F. Supp.2d 1338, 1341 (Ct Int'l Trade 2006) (citations omitted in original)). The Court of International Trade did not reach the question of

whether the Commission should have instituted a reconsideration proceeding, which would have involved a retroactive inquiry into the propriety of the Commission's original determination, because the court, per Judge Reif, determined that it did not have jurisdiction. Although both the CCR and reconsideration outcomes resulted in dismissals for lack of jurisdiction, the court's jurisdictional analyses differed considerably in each case. Whereas the CCR dismissal was based on mootness, the dismissal of the reconsideration residual jurisdiction complaint was based on the court's finding that Erdemir had failed to use the available avenue to challenge the Commission's original determination under 28 U.S.C. § 1581(c).

As the above demonstrates, the legal and factual questions in Erdemir's appeals differ substantially and do not overlap in any logical fashion. One involves review of an extensive administrative record, whereas the other two do not; two involve prospective relief whereas the third seeks retroactive reconsideration; two were filed pursuant to the Court of International Trade's authority to review antidumping and countervailing duty determinations pursuant to 19 U.S.C. 1516a and 28 U.S.C. § 1581(c), whereas one sought review under that court's residual jurisdiction provision, 28 U.S.C. § 1581(i); one complaint involves substantive review of a Commission decision on the merits, one complaint involves a challenge to the Commission's declination to initiate a changed

circumstances review on mootness grounds, and the third complaint involves a challenge to the Commission's declination to exercise its discretionary authority to revisit its original determination; and before this Court one will involve substantial evidence and otherwise in accordance with law review of the Commission's substantive five-year review determination under 19 U.S.C. §§ 1516a(b)(1)(B)(i), 1516a(a)(2)(B)(iii), whereas the other two will entail review of whether the lower court erred in dismissing the complaints for lack of subject matter jurisdiction, albeit each on different grounds.

## II. CONCLUSION

By designating the appeals as companion cases and assigning them to the same merits panel, the Court has already addressed Erdemir's concerns about cross-panel familiarity with the facts of each case. Consolidating the appeals would only complicate briefing and oral argument and work against judicial economy.

As such, and for the foregoing reasons, the Commission respectfully requests that the Court deny Erdemir's Motion for Consolidation.

Respectfully submitted,

Dominic L. Bianchi
General Counsel

Andrea C. Casson
Assistant General Counsel for Litigation

*/s/ Frank Morgan*
Frank Morgan
Spencer J. Toubia
Attorney Advisors

Office of the General Counsel
U.S. International Trade Commission
500 E Street, SW
Washington, DC  20436
Tel:  (202) 205-23422
Frank.Morgan@usitc.gov

*Counsel for Defendant-Appellee*
*U.S. International Trade Commission*

September 23, 2024

# CERTIFICATE OF SERVICE

I, Frank Morgan, hereby certify on this 23rd day of September 2024 that that the foregoing **DEFENDANT-APPELLEE INTERNATIONAL TRADE COMMISSION'S OPPOSITION TO APPELLANT'S MOTION TO CONSOLIDATE** was served on counsel of record by the Court's CM/ECF system.

*/s/ Frank Morgan*
Frank Morgan
Attorney Advisor
Office of the General Counsel
U.S. International Trade Commission
500 E Street, SW
Washington, DC  20436
tel. (202) 205-2342
fax (202) 205-3111
Frank.Morgan@usitc.gov

*Counsel for Defendant-Appellee*
*U.S. International Trade Commission*

# CERTIFICATE OF COMPLIANCE

1. This response complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A), which allows responses to motions of up to 5,200 words. The response contains 1,714 words, excluding the parts of the brief exempted by Fed. R. App. P. 27(a)(2)(B).

2. This response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6). The response has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

*/s/ Frank Morgan*
Frank Morgan
Attorney Advisor
Office of the General Counsel
U.S. International Trade Commission
500 E Street, SW
Washington, DC 20436
tel. (202) 205-2342
fax (202) 205-3111
Frank.Morgan@usitc.gov
*Counsel for Defendant-Appellee*
*U.S. International Trade Commission*