# United States Court of Appeals for the Federal Circuit

EREGLI DEMIR VE CELIK FABRIKALARI T.A.S.,

*Plaintiff-Appellant*

v.

INTERNATIONAL TRADE COMMISSION, UNITED STATES STEEL CORPORATION, CLEVELAND-CLIFFS INC., STEEL DYNAMICS, INC., SSAB ENTERPRISES LLC, NUCOR CORPORATION,

*Defendants-Appellees*

Appeal from the United States Court of International Trade, Case No. 1:22-cv-00350-TMR, Hon. Judge Timothy M. Reif

**REPLY IN SUPPORT OF PLAINTIFF-APPELLANT'S MOTION TO CONSOLIDATE APPEALS**

CHRISTINE M. STREATFEILD
JUSTIN R. BECKER
BAKER & MCKENZIE LLP
815 Connecticut Avenue, N.W.
Washington, DC 20006
(202) 835-6111
christine.streatfeild@bakermckenzie.com

*Counsel for Plaintiff-Appellant*

September 30, 2024

In accordance with Federal Rule of Appellate Procedure 27(a)(4) and Federal Circuit Rule 27(b), Plaintiff-Appellant Ereğli Demir ve Çelik Fabrikalari T.A.Ş. ("Erdemir") respectfully submits this reply to the responses filed by the International Trade Commission (the "Commission"), *see* ECF 27, and Cleveland-Cliffs Inc., Nucor Corporation, SSAB Enterprises LLC, Steel Dynamics, Inc., and United States Steel Corporation (collectively, "Domestic Interested Parties"), *see* ECF 28, which were in opposition to Erdemir's motion to consolidate Case Nos. 24-2242, 24-2243, and 24-2249. *See* ECF 22.[1] The Commission's overall claim is that consolidation would "complicate briefing and oral argument and work against judicial economy." ECF 27 at 8. This claim contradicts the underlying facts of these three appeals.

As Erdemir set forth in its motion to consolidate, the three appeals share core common factual and legal issues – all of which spring from the Commission's failure to consider the effect of an amended determination by the U.S. Department of Commerce (the "Department") on a final determination by the Commission. Indeed, the Commission concedes to the commonality of factual information between the three appeals in its response. *See* ECF 27 at 2 ("While, as Erdemir now notes, there was an overlap in the facts discussed in each case…").

---

[1] The Domestic Interested Parties' response to Erdemir's Motion to Consolidate simply endorses and incorporates by reference the Commission's response without advocating for or presenting any additional arguments. As such, Erdemir refers only to the Commission's response and position throughout this reply.

Despite the clear overlap and intertwined analysis, the Commission opposes consolidation. It attempts to support this claim with three alleged bases: (1) the three appeals do not relate to the same primary issue; (2) the three appeals involve three different Commission determinations; and (3) the three appeals may involve different standards of review and different records. The Commission also presents an ancillary argument that the motion is moot because the cases have been designated as companion cases. These claims and arguments are baseless and false.

With respect to issue (1), the administrative procedural history, the relief sought by Erdemir, and the U.S. Court of International Trade's three decisions all demonstrate vividly the commonality between the underlying issue – the Commission's failure to consider the effect of the Department's later-in-time amended determination on the Commission's prior determination.

With respect to issues (2) and (3), this Court has previously confronted both circumstances, in consolidated and unconsolidated proceedings, and nevertheless issued a single opinion without issue. *See*, *e.g.*, *Tung Mung Development Co. v. United States*, 354 F.3d 1371 (Fed. Cir. 2004) (consolidating separate cases before the CIT that arose from two different antidumping duty investigations of stainless steel sheet and strip in coils from Taiwan and stainless steel plate in coils from Taiwan); *Int'l Custom Products, Inc. v. United States*, 791 F.3d 1329 (Fed. Cir. 2015) (issuing determinations based on different review standards, including the CIT's

dismissal for failure to state a claim, the CIT's dismissal for lack of subject matter jurisdiction, and the CIT's dismissal of motions to amend and for reconsideration). In these instances, the Court did not find any complexities that undermined the briefing, oral argument, or considerations of judicial economy.

Finally, the fact that the cases have been designated as companion cases does not render consolidation purposeless as the Commission states. Consolidation not only ensures familiarity by the Court of common facts and issues, but it also preserves judicial resources. The Commission disregards this significant fact when making its claim.

Consequently, none of the three reasons nor the ancillary claim of mootness merit denial of Erdemir's motion.

I.   ARGUMENT

   A.   **All Three Appeals Are Intertwined and Based on the Same Triggering Act**

As Erdemir explained in its motion for consolidation, the appeals before this Court all arise from the derivative effect of an amended determination issued by the Department on the Commission's antidumping duty ("AD") investigation of certain hot-rolled steel flat products ("HRS") from Turkey. Erdemir asked the Commission to consider the effect of this same determination through one of three administrative processes: (1) a changed circumstances review; (2) a reconsideration proceeding; or (3) in a five-year sunset review. The Commission denied Erdemir the relief it

requested in all three processes either on procedural grounds or substantively. Erdemir therefore challenged all three actions by the Commission before the CIT.

The CIT then denied Erdemir its relief in three decisions. *See Eregli Demir ve Celik Fabrikalari T.A.S. v. ITC*, Slip Op. 24-82, Ct. No. 22-00350 (Ct. Int'l Trade July 22, 2024); *Eregli Demir ve Celik Fabrikalari T.A.S. v. ITC*, Slip Op. 24-81, Ct. No. 22-00349 (Ct. Int'l Trade July 22, 2024); *Eregli Demir ve Celik Fabrikalari T.A.S. v. ITC*, Slip Op. 24-75, Ct No. 22-0351 (Ct. Int'l Trade June 20, 2024). In making these determinations, in each of the three opinions the CIT detailed all three of the administrative processes that Erdemir sought in response to the same underlying triggering act (*i.e.*, the Commission's failure to consider the effect of an amended determination by the Department on the Commission's final determination). In each case, the CIT recognized the overlapping facts and relevancy of the related proceedings.

Moreover, in making its determinations in two of the three cases, the CIT expressly cross-referenced the other proceedings as ***substantively relevant*** to the outcome of the challenge. In Ct. No. 22-00350 (challenging the denial to conduct a changed circumstances review), the court cites to the five-year sunset review as the reason for its decision. *See* Slip Op. 24-82 at 23. In Ct. No. 22-00351 (challenging the five-year sunset review), the court cites to the requests for reconsideration and changed circumstances review as "more suitable channels" for challenging the

4

triggering act. Slip Op. 24-75 at 19.[2]

The three CIT opinions demonstrate that these three actions were intertwined. The CIT acknowledged this fact in each of the three opinions. And they were intertwined by virtue of being connected to the same triggering act and the relief sought by Erdemir as a result of that triggering act. Therefore, the Commission's claims that the three appeals do not share the same primary issue is inaccurate.

## B.    The Goals of Consolidation are Met Here

The Commission also attempts to devalue the benefits to judicial economy that consolidation would afford by noting that the appeals involve different determinations by the Commission (which of course is obvious or consolidation would not be necessary), require the Court to apply different standards of review to certain issues, and consider different records (again, an obvious point). The Court, however, has faced these circumstances previously and did not find them to be burdensome or create additional complexities.

In *Tung Mung*, this Court consolidated two cases from the lower court each of which involved two different AD investigations on two different products. *See* 354 F.3d at 1334-35. Different investigations on different products involve wholly

---

[2] Erdemir also highlights, contrary to the Commission's claim, that the CIT, in no instance, "recognized that despite being filed by the same plaintiff at the same time, the three matters were properly treated as separate cases…". Commission's Response, ECF 27 at 2. The Commission fails to cite to any instance where the CIT stated this alleged recognition. The Commission does not do so because it cannot.

different records and factual circumstances and different determinations by the administrative agency (*i.e.*, the Department). Rather, the Court focused on the promotion of judicial economy in consolidating the cases.

In *Int'l Custom Products*, this Court considered two separate determinations by the CIT stemming from the same appeal, in which the Court needed to apply different standards of review to different issues raised. *See* 791 F.3d at 1332. Here, the Court had to review certain issues under a *de novo* standard and other issues under an abuse of discretion standard. *See id*. at 1335, 1338, 1339. The Court did not present any difficulties tackling the various issues and differing standards of review in the one opinion.

Past proceedings thereby demonstrate that the alleged issues raised by the Commission are not actual issues. The Commission fails to demonstrate otherwise. It does not cite to any instance in which any of these circumstances caused the Court to find that consolidation would not promote judicial economy. The Commission also does not include any explanation as to why these circumstances would undermine the goal of judicial economy or complicate briefing and oral argument. It only raises a conclusory claim in one sentence at the very end in the conclusion.

The Commission's concerns with respect to different determinations, review standards, and records are therefore unfounded.

## C.    Erdemir's Request for Consolidation Is Not Moot

The Commission raises an additional, ancillary claim that Erdemir's motion for consolidation has been rendered moot because the cases have been designated as companion cases. *See* ECF 27 at 2. In making this claim, however, the Commission fails to acknowledge one of the main purposes of consolidation – preserving the resources of the Court and the parties. The Commission wholly disregards this important factor, and in doing so, attempts to color Erdemir's consolidation request solely as an tool to ensure familiarity by the Court of the commons facts and issues. *See* ECF 27 at 2. But central to Erdemir's request and to the Court's general rationale for consolidating cases is the desire "to avoid unnecessary expense of resources on duplicative tasks." Erdemir's Motion, ECF 22 at 7 (*citing Capella Sales & Services Ltd. v. United States*, 878 F.3d 1329 (Fed. Cir. 2018)); *see also Spraytex Inc. v. DJS&T*, 96 F.3d 1377, 1382 (Fed. Cir. 1996) ("review of all issues in the same appeal makes for greater judicial efficiency").

The level of judicial efficiency gained through consolidation is not the same as through companion designation. Consolidation merges briefs, motions, oral arguments, and determinations. Cases designated as companion cases still require separate briefs, motions, oral arguments and determinations. In this instance, there would be three of each. Thus, the relief Erdemir seeks in its motion to consolidate is required to carry out a full and just review of the three lower court decisions.

Disposing of Erdemir's motion on the basis that the cases have been designated as companion cases would be a procedural error.

## II.     CONCLUSION

For the foregoing reasons, the parties and this Court would benefit from a single set of briefing and a single hearing for oral argument, and as a result, respectfully requests that the Court exercise its authority to consolidate Case Nos. 24-2242, 24-2243, and 24-2249.

Dated: September 30, 2024           Respectfully submitted,

*/s/ Christine M. Streatfeild*
Christine M. Streatfeild
Justin R. Becker
Baker & McKenzie LLP
815 Connecticut Avenue, N.W.
Washington, DC 20006-4078
Tel.: (202) 835-6111
christine.streatfeild@bakermckenzie.com

*Counsel to Plaintiff-Appellant,*
*Ereğli Demir ve Çelik Fabrikalari T.A.Ş.*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS</u>

**Case Number:** 24-2242

**Short Case Caption:** Ereğli Demir ve Çelik Fabrikaları T.A.Ş. v. ITC

> **Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes 1,836 words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 09/30/2024

Signature: /s/ Christine M. Streatfeild

Name: Christine M. Streatfeild

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

| | |
|---|---|
| **Case Number** | 2024-2242 |
| **Short Case Caption** | Ereğli Demir ve Çelik Fabrikaları T.A.Ş. v. ITC |
| **Filing Party/Entity** | Ereğli Demir ve Çelik Fabrikaları T.A.Ş. |

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 09/30/2024

Signature: /s/ Christine M. Streatfeild

Name: Christine M. Streatfeild

| 1. **Represented Entities.** Fed. Cir. R. 47.4(a)(1). | 2. **Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | 3. **Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| Ereğli Demir ve Çelik Fabrikaları T.A.Ş. ("Erdemir") | | See attached page. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☑ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| Christine M. Streatfeild, Principal, Baker & McKenzie LLP | | |
| Justin R. Becker, Partner, Baker & McKenzie LLP | | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below)     ☐ No     ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

Plaintiff is a publicly traded company, listed on the stock exchange of Istanbul, Turkey. Erdemir is 49.29 percent owned by Ataer Holding A.Ş., which is 100 percent owned by Ordu Yardimlaşma Kurumu ("OYAK"), which is a Turkish pension fund owned by its members, who are current and retired members of the Turkish armed forces; 47.63 percent of Erdemir's shares are traded on the Istanbul Stock Exchange; and 3.08 percent of its shares are held by the company as treasury stock.